THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY ROBERT MCKEE, | CASE NO. C16-1670-JCC |
| Plaintiff, | ORDER |
| v. | |
| JAMES KEY, | |
| Defendant. | |

This matter comes before the Court on Petitioner's objections (Dkt. No. 28) to United States Magistrate Judge Brian A. Tsuchida's Report and Recommendation (Dkt. No. 27). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Petitioner's objections (Dkt. No. 28) and ADOPTS Judge Tsuchida's Report and Recommendation (Dkt. No. 27).

**I.  BACKGROUND**

Petitioner Jeffrey McKee is currently incarcerated at the Airway Heights Corrections Center, in Airway Heights Washington. (Dkt. No. 21 at 1.) On January 8, 2018, McKee filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 conviction for two counts of first degree rape while armed with a firearm. (*Id*. at 6.) McKee's amended petition raises two grounds for relief:

1. Denial of his right to a public trial when the trial judge closed the courtroom

during *voir dire*.

2. Ineffective assistance of counsel when McKee's appellate attorney failed to raise the public-trial claim on direct appeal.

(Dkt. No. 21 at 16, 19.) Judge Tsuchida issued a report and recommendation concluding that the Court should deny both of McKee's claims for relief, deny his request for an evidentiary hearing, and deny a certificate of appealability. (Dkt. No. 27 at 20.) McKee filed objections to Judge Tsuchida's report and recommendation (Dkt. No. 28).

## II. DISCUSSION

### A. Standard of Review

Objections to a magistrate judge's report and recommendations are reviewed *de novo*. 28 U.S.C. § 636(b)(1); *accord*, Rule 8(b), Rules Governing Section 2254 Cases. A federal habeas court will defer to a state court's decision with respect to any claim that was adjudicated on the merits unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).

### B. Public Trial Claim

McKee asserts that his right to a public trial was violated when the trial judge purportedly closed the jury selection process to the public. (Dkt. No. 21 at 16–20.) Judge Tsuchida concluded that McKee waived this claim under clearly established federal law when his trial counsel failed to object at the time of the alleged closure. (Dkt. No. 27 at 1.)

Criminal defendants have a Sixth Amendment right to a public trial, which extends to the jury selection process. *Presley v. Georgia*, 558 U.S. 209, 213 (2010). Defendants can waive their public trial right, however, if they fail to object at the time of the alleged constitutional violation. *Levine v. United States*, 362 U.S. 610, 619 (1960).

It is undisputed that McKee's trial counsel did not object to the alleged courtroom closure during *voir dire*. (Dkt. No. 28 at 2.) Nor is it disputed that McKee failed to raise the public trial claim on direct appeal and did not assert the claims until he filed a personal restraint petition. (Dkt. No. 21-1 at 12, 21-2 at 10, 18–19.) Therefore, under federal law, McKee waived his right to assert a public trial right claim. *See Levin*, 362 U.S. at 619; *see also Peretz v. United States*, 501 U.S. 923, 937 (1991) (collecting cases in which Supreme Court held that criminal defendants waived various constitutional rights by failing to object at trial).

Notwithstanding this clearly established federal law, McKee asserts that "his public trial claim is nonetheless justiciable by this Court because the state appellate courts allowed the issue to proceed without dismissing it on procedural grounds." (Dkt. No. 28 at 2.) McKee's position mischaracterizes the standard of review for a section 2254 petition. Regardless of whether the state appellate courts chose to address McKee's untimely public trial claim on the merits[1], his failure to object at trial resulted in a waiver of that claim under federal law. Therefore, the Court cannot conclude that the state appellate courts' denial of McKee's public trial claim was contrary to clearly established federal law. 28 U.S.C. § 2254(d)(1). McKee's objection to Judge Tscuhida's recommendation regarding his public trial claim is OVERRULED.

### C. Ineffective Assistance of Counsel Claim

McKee argues that the state appellate courts erred in concluding that the record did not support that the trial judge closed the *voir dire* proceeding or that McKee was not prejudiced by his appellate counsel's failure to raise the closure issue. (Dkt. No. 28 at 4–6.) Judge Tsuchida recommended the Court deny McKee's ineffective assistance of counsel claim for two reasons. First, the state appellate courts reasonably concluded that the record did not demonstrate that the trial court closed the *voir dire* proceeding, and therefore McKee's appellate counsel was not

---

[1] The Court also agrees with Judge Tsuchida that the state courts did not separately analyze Mr. McKee's public trial claim on its merits, but discussed that claim in the context of his ineffective assistance of appellate counsel claim. (Dkt. No. 27 at 8.)

ineffective by failing to raise the issue. (Dkt. No. 27 at 16.) Second, even if a closure occurred, McKee did not show sufficient prejudice. (*Id*. at 19.)

Claims of ineffective assistance of appellate counsel are reviewed under a similar standard to that for ineffective assistance of trial counsel. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). A petitioner raising an ineffective assistance of appellate counsel claim must make two showings. First, a petitioner must show "that [his] counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Id*. Second, a petitioner must show that "there is a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id*. at 285–86.

During jury selection at McKee's trial, the judge had members of the venire complete a written questionnaire. (Dkt. No. 19-2 at 29, 32.) The questions dealt with jurors' personal experience with rape and sexual assault. (*Id*.) One of the questions asked whether individual jurors wanted to discuss their responses outside the presence of other jurors. (*Id*.) In addressing the questionnaire the judge told the venire:

> I mean, if there's—if you have personal information you are hesitant to share in front of a bunch of people, we will talk to you individually. There will still be the court staff here and the lawyers, but anybody that wants to have sort of a semi-private—and of course nobody will be allowed in the courtroom—question and answer session about something that they just don't feel real comfortable talking about in front of a group full of people, that will be part of it.

(*Id*. at 52.) Several jurors requested to discuss their responses individually. (*Id*. at 55.) The individual questioning occurred in the courtroom and was transcribed by the Court stenographer. (*Id*. at 58–98) (Dkt. No. 21-2 at 1–6).

McKee argues that the state appellate courts erred in denying his ineffective assistance of counsel claim because "the record is . . . unambiguous that the courtroom was indeed closed." (Dkt. No. 28 at 4.) McKee asserts that the trial judge's description of the individual questioning

as "semi-private" and his statement that "of course, nobody will be allowed in the courtroom" demonstrate that the courtroom was in fact closed during *voir dire*. (*Id*. at 5.)

In denying McKee's personal restraint petition, the Washington Supreme Court determined that "the record of juror questioning . . . does not show that the court actually closed the courtroom during the questioning of any jurors, either individually or as a group." (Dkt. No. 21-2 at 88.) Several facts in the record support this conclusion. First, the trial transcript does not reflect that spectators were required to leave during the individual questioning of jurors, were prevented from entering the courtroom during *voir dire*, or were allowed back into the courtroom once the individual questioning concluded. (*See generally* Dkt. No. 21-1 at 58–98.) Second, the individual questioning occurred in the courtroom, not in chambers, and the court stenographer made a transcript of the proceedings, which was not sealed or otherwise withheld from the public. (*Id*.) Third, the trial judge's remarks to the jurors appear aimed at allowing them to answer questions without other juror's present, not the exclusion of the public. (*Id*. at 63) ("We're here because you stated that you wanted to discuss something out of the presence of the whole jury.") Finally, the judge never instructed court staff to close the courtroom doors, put up a sign to that effect, or instruct people to leave. (*See generally*, Dkt. Nos. 21-1 at 58–98; 21-2 at 1–6.)

The Court concludes that the state appellate courts' denial of McKee's ineffective assistance claim was not based on an unreasonable determination of the facts as presented in the record on appeal. The Washington Supreme Court did not err in concluding that McKee failed to demonstrate the courtroom was actually closed during the individual questioning of jurors, or that McKee's appellate counsel was ineffective by failing to raise the public trial claim on direct appeal. (Dkt. No. 21-2 at 88.)

Further, even if the record demonstrated that the trial judge closed the courtroom, McKee has not demonstrated the requisite prejudice. McKee argues that his appellate counsel's failure to raise the public trial violation represented structural error that is presumed prejudicial. (Dkt. No.

28 at 6.) The United States Supreme Court has recognized that some "structural" constitutional errors made at trial are exempt from the general harmless error analysis applied by appellate courts. *See Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907–08 (2017). "[T]he defining feature of a structural error is that it affect[s] the framework within which the trial proceeds, rather than being simply an error in the trial process itself." *Id*. at 1907 (citation and internal quotation marks omitted). Generally, "in the case of a structural error where there is an objection at trial and the issue is raised on direct appeal, the defendant generally is entitled to 'automatic reversal' regardless of the error's actual 'effect on the outcome.'" *Id*. at 1910 (citing *Neder v. United States*, 527 U.S. 1, 7, (1999)).

However, in *Weaver* the Supreme Court held that when a criminal defendant first raises a public-trial violation on collateral review as an ineffective assistance of counsel claim, "prejudice is not shown automatically." *Id*. at 1911. In such a case, "the burden is on the defendant to show either a reasonable probability of a different outcome in his or her case or . . . to show that the particular public-trial violation was so serious as to render his or her trial fundamentally unfair." *Id*. McKee provides neither.

McKee instead suggests that *Weaver* is distinguishable because it dealt with ineffective assistance of trial counsel, not appellate counsel. (Dkt. No. 28 at 7–8.) This is not a meaningful distinction. In *Weaver*, the Supreme Court listed several reasons for the standard for prejudice should be different when a public trial violation is raised for the first time on collateral review. 137 S. Ct. at 1911–12. The Court emphasized that when the claim is not pursued until a post-conviction proceeding "the costs and uncertainties of a new trial are greater because more time will have elapsed in most cases." *Id*. Such considerations apply whether an unpreserved public trial violation is raised as ineffective assistance of trial counsel—as in *Weaver*—or ineffective assistance of appellate counsel, as in McKee's case.

Aside from the structural prejudice McKee advocates for, the Washington Supreme Court noted that both parties participated in *voir dire* and the apparent goal of individual questioning

was to allow jurors to discuss their responses more openly. (Dkt. No. 22-2 at 88.) Similarly, in *Weaver* the Supreme Court found no prejudice to the closure of *voir dire* where the public was only excluded for two days, and the record of the proceedings did not indicate any reason to conclude they resulted in unfairness to the defendant. 137 S. Ct. at 1913. Therefore, the Court finds that the Washington Supreme Court's conclusion that McKee failed to demonstrate prejudice was not contrary to clearly established federal law. McKee's objections to Judge Tsuchida's report and recommendation on his ineffective assistance of counsel claim are OVERRULED.

### C. Evidentiary Hearing and Certificate of Appealability

McKee requests that the Court grant an evidentiary hearing, or alternatively, a certificate of appealability. (Dkt. No. 28 at 8.) Judge Tsuchida recommends that the Court deny both requests. (Dkt. No. 27 at 7, 18.)

An evidentiary hearing is appropriate if the habeas petitioner meets two conditions: "(1) allege[s] facts which, if proven, would entitle him to relief, and (2) show[s] that he did not receive a full and fair hearing in a state court either at the time of trial or in a collateral proceeding." *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003). McKee seeks an evidentiary hearing "to expand upon the record," and to specifically develop the record to show the courtroom was actually closed during *voir dire*. (Dkt. No. 28 at 7–8.) The Court concludes an evidentiary hearing is inappropriate for both of McKee's stated purposes. No additional facts would entitle McKee to relief on his standalone public trial claim, which was waived as a matter of clearly established federal law. *See supra* Part II.B. As to McKee's ineffective assistance of appellate counsel claim, additional facts regarding the courtroom closure would not aid his claim because his appellate attorney was limited to the record on appeal. Accordingly, the Court DENIES McKee's request for an evidentiary hearing.

A certificate of appealability should issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this

standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Wilson-El v. Cockrell*, 537 U.S. 322, 327 (2003). Based on clearly established federal law, the Court concludes that no reasonable jurist could disagree with its resolution of McKee's claims or that the issues presented deserve encouragement to proceed further. McKee's objections raise no arguments to the contrary.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The report and recommendation (Dkt. No. 27) is ADOPTED;
2. Petitioner's 28 U.S.C. § 2254 habeas petition (Dkt. No. 21) is DENIED;
3. Petitioner's request for an evidentiary hearing is DENIED;
4. Petitioner's request for a certificate of appealability is DENIED.
5. The Clerk shall send a copy of this order to the parties and to Judge Tsuchida.

DATED this 9th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE